**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| **v.** § | |
| § | |
| **META 1 COIN TRUST,** § | **1:20-CV-273-RP** |
| **ROBERT P. DUNLAP, individually and d/b/a** § | |
| **CLEAR INTERNATIONAL TRUST,** § | |
| **NICOLE BOWDLER, and DAVID A. SCHMIDT,** § | |
| § | **FILED UNDER SEAL** |
| **Defendants,** § | |
| § | |
| **and** § | |
| § | |
| **PRAMANA CAPITAL, INC., and** § | |
| **PETER K. SHAMOUN a/k/a PETER K. SHAMOON,** § | |
| § | |
| **Relief Defendants.** § | |
| § | |

**TEMPORARY RESTRAINING ORDER
AND ORDERS: (1) FREEZING ASSETS; (2) PROHIBITING THE DESTRUCTION OF
DOCUMENTS; (3) GRANTING EXPEDITED DISCOVERY; (4) REQUIRING SWORN
ACCOUNTINGS; AND ORDER TO SHOW CAUSE WHY A PRELIMINARY
INJUNCTION SHOULD NOT BE GRANTED**

This matter came before the Court upon the *Ex Parte* Application of Plaintiff Securities

and Exchange Commission ("SEC") for a Temporary Restraining Order, Preliminary Injunction,

and Orders Freezing Assets and Granting Other Emergency Relief (the "TRO Application").

The Court, having considered the SEC's Complaint, the TRO Application, the supporting

Memorandum of Law, the supporting declarations and exhibits, and the other evidence and

argument presented to the Court, finds that:

A.    This Court has jurisdiction over the parties to, and the subject matter of, this

action.

B.    The SEC has made a sufficient and proper showing in support of the relief granted

herein, as required by Section 20(b) of the Securities Act of 1933 ("Securities

Act"), 15 U.S.C. § 77t(b), and Section 21(d) of the Securities Exchange Act of

1934 ("Exchange Act"), 15 U.S.C. § 78u(d), by evidence establishing a *prima*

*facie* case and reasonable likelihood that Defendants Meta 1 Coin Trust

("Meta1"), Robert P. Dunlap, individually and d/b/a Clear International Trust

("Dunlap"), Nicole Bowdler ("Bowdler"), and David A. Schmidt ("Schmidt")

(collectively, "Defendants") have engaged in, are engaging in, are about to engage

in, and unless restrained and enjoined will continue to engage in transactions, acts,

practices, and courses of business that constitute violations of Section 17(a) of the

Securities Act, 15 U.S.C. § 77q(a), and Section 10(b) of the Exchange Act, 15

U.S.C. § 78j(b), and Rule 10b-5 thereunder, and that Relief Defendants Pramara

Capital, Inc. ("Pramara") and Peter K. Shamoun a/k/a Peter K. Shamoon

("Shamoon") (together, "Relief Defendants") have received the proceeds of fraud,

and have no legitimate claim to those illicit funds.

C.    Good cause exists to believe that, unless restrained and enjoined by order of this

Court, Defendants or Relief Defendants will dissipate, conceal, or transfer assets

which could be the subject to an order directing disgorgement or the payment of

civil money penalties in this action.  It is appropriate for the Court to issue this

Temporary Restraining Order *ex parte* so that prompt service on appropriate

financial institutions can be made, thus preventing the dissipation of assets.

E.    There is good cause to believe that the Defendants do not have sufficient funds or

assets to satisfy the relief that might be ordered in this action.

F.      Good cause exists to believe that an accounting of assets is necessary to determine the disposition of investor funds and to ascertain the total assets that should continue to be frozen.

G.      Good cause exists to believe that, unless restrained and enjoined by order of this Court, Defendants or Relief Defendants may alter or destroy documents relevant to this action.

H.      The timing restrictions of Fed.R.Civ.P. 26(d), 26(f), 30(a)(2)(C) and 34 should not apply to this proceeding in light of the Commission's requested relief and its demonstration of good cause.

I.      Good cause exists to believe that expedited discovery is necessary.

## I.

IT IS HEREBY ORDERED that the SEC's TRO Application is GRANTED.

## II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants Meta1, Dunlap, and Schmidt are temporarily restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)      to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendants or with anyone described in (a).

### III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Bowdler is temporarily restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security: (a) to employ any device, scheme, or artifice to defraud; or (b) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendants or with anyone described in (a).

**IV.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that
Defendants Meta1, Dunlap, and Schmidt are temporarily restrained and enjoined from violating
Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the
use of any means or instruments of transportation or communication in interstate commerce or
by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact
or any omission of a material fact necessary in order to make the statements
made, in light of the circumstances under which they were made, not misleading;
or

(c) to engage in any transaction, practice, or course of business which operates or
would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in
Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who
receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers,
agents, servants, employees, and attorneys; and (b) other persons in active concert or
participation with any of the Defendants or with anyone described in (a).

**V.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant
Bowdler is temporarily restrained and enjoined from violating Section 17(a) of the Securities Act
[15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of
transportation or communication in interstate commerce or by use of the mails, directly or

indirectly: (a) to employ any device, scheme, or artifice to defraud; or (b) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendants or with anyone described in (a).

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Meta1, Dunlap, Bowdler, and Schmidt are temporarily restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use

or medium of any prospectus or otherwise any security, unless a registration

statement has been filed with the Commission as to such security, or while the

registration statement is the subject of a refusal order or stop order or (prior to the

effective date of the registration statement) any public proceeding or examination

under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers,

agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with any of the Defendants or with anyone described in (a).

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants

Meta1, Dunlap, Bowdler, and Schmidt are temporarily restrained and enjoined from directly or

indirectly (through an entity they control or otherwise) participating in the issuance, purchase,

offer, or sale of any securities provided, however, that such injunctions shall not prevent Dunlap,

Bowdler, and Schmidt from purchasing or selling securities listed on a national securities exchange

for their own person accounts.

## VIII.

## Asset Freeze Order

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants

Dunlap, Bowdler, and Schmidt, Relief Defendants Pramana and Shamoon, and any of their

subsidiaries or affiliates, be and hereby are temporarily restrained and enjoined from, directly or

indirectly, making any payment or expenditure of funds (including charges or cash advances on

any debit or credit card or draws on any other credit arrangement), and from assigning, conveying, transferring, encumbering, disbursing, dissipating, selling, hypothecating or concealing any assets, monies, or other property owned by or in the actual or constructive possession of the Defendants, pending a showing to this Court that they have sufficient funds or assets to satisfy all claims arising from the violations alleged in the Complaint, pending the posting of a bond or surety sufficient to assure payment of any such claim, or until further order of this Court.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets, including all digital assets, digital currencies, virtual currencies, cryptocurrencies, digital wallets, or other tangible, intangible, and digital funds or assets, wherever located (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the SEC to be heard) in all accounts at any bank, financial institution, brokerage firm, third-payment payment processor, coin exchange, or any other holder or custodian of any digital assets, digital currencies, virtual currencies, cryptocurrencies, held in the name of, for the benefit of, or over which account authority is held by Defendants Dunlap, Bowdler, and Schmidt, or Relief Defendants Pramara and Shamoon, including but not limited to the accounts listed below:

//

//

//

//

//

8

| INSTITUTION | ACCOUNT NAME/OWNER | ACCOUNT NO. |
|---|---|---|
| Bank of America | Nicole M. Bowdler | *6951 Credit Card ("CC") *7204 CC *1771 Checking *2359 Checking *2259 Savings *4146 Savings |
| Bank of America | Nicole M. Bowdler Sole Prop DBA Nicole Bowdler | *4170 Business Checking *0370 Business Savings |
| Bank of America | Clear International Trust Robert P Dunlap Jr TRTEE U/A 05/19/2016 | *2678 Deposit Account |
| Bank of America | The Sedona Connection LLC or David Schmidt | *9626 and any other accounts in those names |
| BMO Harris Bank | Meta 1 Coin Trust | *7012 |
| BBVA Compass Bank | Meta1 Coin Trust, Robert P. Dunlap, Nicole M. Bowdler, or David Schmidt | *9711 and any other accounts in those names |
| Fifth Third Bank | Meta 1 Coin Trust | *0355 |
| Fifth Third Bank | Pramana Capital Inc. | *8456 |
| Fifth Third Bank | Pramana Capital Inc. | *3641 |
| Fifth Third Bank | Pramana Capital Inc. | *5300 |
| Fifth Third Bank | Peter Shamoon | *5547 |
| Fifth Third Bank | Peter Shamoon | *2380 |
| Fifth Third Bank | Peter Shamoon | *7137 |
| Fifth Third Bank | Peter Shamoon | *8949 |
| Morgan Stanley | Robert Paul Dunlap & Nicole Marie Bowdler Co-TTEE Meta 1 Coin Trust U/DEC DTD 03/05/2018 | *1233 |
| Morgan Stanley | Robert Paul Dunlap TTEE Clear International Trust U/A DTD 05/19/2016 | *1262 |
| Navy Federal Credit Union | Nicole M. Bowdler | Account numbers unknown |
| Navy Federal Credit Union | Robert P. Dunlap | Account numbers unknown |
| Navy Federal Credit Union | Robert Paul Dunlap Trust | *4974 |
| Navy Federal Credit Union | Meta 1 Coin Trust | *4148 |
| PayPal Accounts | Meta1 Coin Trust, Robert P. Dunlap, Nicole M. Bowdler, or David Schmidt | Account numbers unknown |
| Rockefeller Capital Management | Pramana Capital Inc., Peter K. Shamoon | *3347 |
| Square Accounts | Meta1 Coin Trust, Robert P. Dunlap, Nicole M. Bowdler, or David Schmidt | Account numbers unknown |
| Wells Fargo | Meta1 Coin Trust, Clear International Trust, Robert P. Dunlap, Nicole M. Bowdler, or David Schmidt | Account numbers unknown |

Further, any bank, trust company, broker-dealer or other depository institution holding accounts for or on behalf of the Defendants or Relief Defendants shall make no transactions in securities (excepting liquidating transactions necessary as to avoid wasting assets) and no disbursements of funds or securities (including extensions of credit, or advances on existing lines of credit), including the honor of any negotiable instrument (including specifically, any check, draft, or cashier's check) purchased by or for any Defendant or Relief Defendant, pending further order of this Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) the officers, agents, servants, employees, and attorneys of any Defendant or Relief Defendants; and (b) other persons in active concert or participation with any of the Defendants or Relief Defendants or with anyone described in (a).

## IX.

## <u>Directive to Financial Institutions</u>

Pending further Order of this Court, any financial or brokerage institution, business entity, or person that holds or has held, controls or has controlled, or maintains or has maintained custody of any of Defendants' or Relief Defendants' assets at any time since January 1, 2018, shall:

1.      Prohibit Defendants, Relief Defendants, and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of assets, except as directed by further Order of the Court;

2.      Deny Defendants, Relief Defendants, and all other persons access to any safe deposit box that is:  (a) owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants or Relief Defendants, either individually or jointly; or (b) otherwise subject to access by any Defendant or Relief Defendant;

3.      Provide counsel for the Commission, within five (5) business days of receiving a copy of this Order, a statement setting forth:  (a) the identification number of each and every account or other asset owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants or Relief Defendants, either individually or jointly; (b) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and (c) the identification of any safe deposit box that is owned controlled, managed, or held by, on behalf of, or for the benefit of Defendants or Relief Defendants, either individually or jointly, or is otherwise subject to access by Defendants or Relief Defendants; and

4.      Upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, Internal Revenue Service Form 1099s, and safe deposit box logs.

## X.

### Directive to Persons Holding Related Assets

IT IS FURTHER ORDERED that any person who receives actual notice of this Order by personal service or otherwise, and who holds, possesses or controls assets exceeding $5,000 for the account or benefit of any one of the Defendants, shall within fifteen (15) days of receiving actual notice of this Order provide counsel for the SEC with a written statement identifying all such assets, the value of such assets, or best approximation thereof, and any account numbers or account names in which the assets are held, and provide a copy of such disclosures to counsel for the Defendant for whose benefit or account the assets were held.

## XI.

### Document Preservation Order

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, each of Defendants and Relief Defendants be and hereby are temporarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), and any accounts, account passwords, computer passwords, device PINs and passwords, cryptographic keys, or digital wallets, pertaining in any manner to Defendants or Relief Defendants.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) officers, agents, servants,

employees, and attorneys of any Defendant or Relief Defendant; and (b) other persons in active concert or participation with any of the Defendants or Relief Defendant or with anyone described in (a).

## XII.

## <u>Accounting</u>

IT IS FURTHER ORDERED that Defendants and Relief Defendants shall file with the Court a sworn accounting, within ten (10) days of the issuance of this Order or three (3) days prior to any hearing on the Commission's Motion for Preliminary Injunction and other relief, whichever is sooner.   The accounting shall detail by amount, date, method and location of transfer, payee and payor, purpose of payment or transfer:  (a) all investor monies and other benefits received, directly and indirectly, from or as a result of the activities alleged in the Complaint or thereafter transferred; (b) all monies and other assets received, directly or indirectly, from investors; (c) all of their current assets wherever they may be located and by whomever they are being held, and their current liabilities; and (d) all accounts with any bank, credit union, trust company, financial or brokerage institution maintained for the Defendant or Relief Defendant at any point during the period from January 1, 2018, to the present.  The accounting shall be sufficient to permit a full understanding of the flow of investor funds from the investor to its present location to the extent known by the Defendants or Relief Defendants or within their power to learn.  The accounting and all documents reviewed in the course of the preparation thereof or otherwise pertaining thereto shall be filed with the Court and delivered by facsimile or overnight courier to Jennifer D. Reece; Securities and Exchange Commission; Burnett Plaza, Suite 1900; 801 Cherry Street, Unit 18; Fort Worth, Texas 76102 by the deadline set forth above.  After completion of the accounting, each of the Defendants or Relief Defendants shall produce to the SEC at a time agreeable to the SEC, all books, records and other documents supporting or underlying their accounting.

## XIII.

### Expedited Discovery

IT IS FURTHER ORDERED that the SEC's application for expedited discovery concerning Defendants and Relief Defendants, their assets and activities, is granted and that, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure and the corresponding Local Rules of this Court, discovery shall proceed as follows:

(A)     Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the SEC may take depositions upon oral examination on two days' notice of any such deposition.  Depositions may be taken Monday through Saturday.  As to the Defendants or Relief Defendants, and their agents, servants, promoters, employees, brokers, and associates, and any person who transferred money to or received money from any account(s) at any of the bank, financial institution, brokerage firm, third-payment payment processor, or coin exchange identified above, or any other holder or custodian of any digital assets, digital currencies, virtual currencies, cryptocurrencies identified above, the SEC may depose such witnesses after serving a deposition notice by email, facsimile, hand or overnight courier upon such individuals, and without serving a subpoena on such witness.  Depositions that have not been signed by the witness may be used for purposes of the hearing on the SEC's application for preliminary injunction.

(B)     Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, each Defendant and Relief Defendant shall answer the SEC's interrogatories within three days of service of such interrogatories upon Defendant.

(C)     Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, each Defendant or Relief Defendant shall produce all documents requested by the SEC within three days of service

of such request, with production of the documents made to Jennifer D. Reece, U.S. Securities and Exchange Commission, 801 Cherry Street, Suite 1900, Fort Worth, Texas 76102, or such person or place as counsel for the SEC may direct in writing.

(D)     Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, each Defendant or Relief Defendant shall respond to the SEC's requests for admissions within three days of such requests;

(E)     All written responses to the SEC's requests for discovery under the Federal Rules of Civil Procedure shall be delivered by hand or overnight courier to the SEC to the attention of Jennifer D. Reece, U.S. Securities and Exchange Commission, 801 Cherry Street, Suite 1900, Fort Worth, Texas 76102, or such other place and person as counsel for the SEC may direct in writing;

(F)     Written discovery propounded and depositions taken pursuant to this section of this Order shall not count against the limitations on the number or duration of written discovery and depositions set forth in the Federal Rules of Civil Procedure; and

(G)     All discovery requests and responses may be served via email, facsimile, or by hand on counsel for the parties.

## XIV.

## Service

The United States Marshal in any district in which any Defendant resides, transacts business or may be found is authorized and directed to make service of process at the request of the Commission.

To effectuate the provisions of any paragraph of this Order, the Commission may cause a copy of this Order to be served on any bank, savings and loan, credit union, broker-dealer or other

financial or depository institution either by United States mail or by facsimile as if such service were personal service, to restrain and enjoin any such institution from disbursing funds, directly or indirectly, to or on behalf of the Defendants, or any companies or persons or entities under their control.

## XV.

## **Expiration of Temporary Restraining Order Only**

The Court will detail the expiration of the temporary restraining order in a separate Order.

## XVI.

## **Preliminary Injunction Hearing**

The Court will detail the timing and procedures of a preliminary injunction hearing in a separate Order.

## XVII.

### <u>Retention of Jurisdiction</u>

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

Signed at **4:19 p.m.** on this **16th day of March, 2020**.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE