IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:20-CV-273-RP |
| META 1 COIN TRUST, ROBERT P. DUNLAP, *individually and d/b/a Clear International Trust*, NICOLE BOWDLER, and DAVID A. SCHMIDT, | § § § § § § | |
| Defendants, | § § | |
| PRAMANA CAPITAL, INC. and PETER K. SHAMOUN *a/k/a* PETER K. SHAMOON, | § § § | |
| Relief Defendants. | § § | |

**ORDER**

On April 21, 2020, the Court issued an order finding Defendants Robert P. Dunlap,

*individually and d/b/a Clear International Trust* ("Dunlap") and David A. Schmidt ("Schmidt") in civil

contempt. (Dkt. 39). The Court stated that Dunlap and Schmidt could purge their contempt status

"when they provide proof that they have complied with the Court's orders," citing the portions of

the Court's previous temporary restraining order ("TRO") and preliminary injunction that

prohibited or required certain conduct from Dunlap and Schmidt. (*Id.* at 10 (citing Dkt. 8 at 3–7,

12–16; Dkt. 31 at 3–7, 11–13)). In addition to requiring Dunlap and Schmidt to provide a sworn

accounting of assets, the Court's orders broadly prohibited them from making false and misleading

statements to Meta 1 investors and marketing, offering, purchasing, or selling securities in the form

of the Meta 1 Coin. (*See* Dkt. 31 at 3–7, 12–13). While the Court did not, in its April 21, 2020,

Order, find Defendant Nicole Bowdler ("Bowdler") in contempt, if it were to do so, Bowdler would

be subject to the same or similar conditions to purge her contempt status because the Court prohibited or required certain conduct from her as well. (*See* Dkt. 31 at 4–7, 12–13).

Now before the Court is Plaintiff Securities and Exchange Commission's (the "SEC") motion to amend civil contempt conditions as well as its two supplements to that motion.[1] (Mot. Am. Contempt, Dkt. 38; 1st Suppl. Mot. Am. Contempt, Dkt. 43; 2d Suppl. Mot. Am. Contempt, Dkt. 46). Defendants Meta 1 Coin Trust, Dunlap, Schmidt, and Bowdler (collectively, "Defendants") were given until April 27, 2020, to respond to the SEC's motion but did not do so. (Order, Dkt. 39, at 11). For the reasons discussed below, the Court grants the SEC's motion and specifies certain conditions of Dunlap and Schmidt's civil contempt status.

The thrust of the SEC's motion is to ask the Court to order Defendants to "cease and desist from posting content to YouTube, Facebook, or any social media," and to "remove all content currently posted, that: (1) markets, offers, or attempts to sell the Meta 1 Coin; or (2) that makes false or misleading statements, including the statement that Meta1 owns $1 billion of art, gold mines or gold bars, or other assets in amounts sufficient to repay the Meta1 investors." (Prop. Order, Dkt. 38-2, at 4). The SEC explains that even after the Court issued the TRO, Defendants continue to regularly post videos to their YouTube channel on a near-daily basis, "all of which are publicly available worldwide. While the content varies, all of the videos either market the Coin, offer it for sale, or contain false and/or misleading statements about the nature of the investment." (Mot. Am.

---

[1] Just before and in the days after the Court issued its civil contempt order, the SEC filed three documents. While the SEC did not title its first filing as a motion, the conclusion requests "that the Court grant Plaintiff's motion," the filing includes a proposed order, and the filing was docketed as a motion. (Mot. Am. Contempt, Dkt. 38, at 3; Prop. Order, Dkt. 38-2). The SEC's second filing variously refers to the first as a "supplemental motion for contempt" and a supplement to its motion for an order to show cause for why Defendants should not be held in contempt. (1st Suppl. Mot. Am. Contempt, Dkt. 43, at 1–2). The SEC's third filing is similarly indefinite. (*See* 2d Suppl. Mot. Am. Contempt, Dkt. 46, at 1–2). Here, the Court construes the SEC's first filing as a motion to amend civil contempt conditions and its second and third filings as supplements to that motion.

Contempt, Dkt. 38, at 2). Defendants have also repeatedly sent their newsletter to their list of email subscribers, continuing to market the Meta 1 Coin and discuss details of this case. (*Id.* at 3). The videos and newsletter emails also impugn the ethics of the SEC's counsel and state that they are being "criminally prosecuted," as well as "mak[e] false statements to investors that Meta1 owns the art and the gold that supposedly backs the Meta 1 Coin, that an SEC witness 'is in the process of being a convicted felon and is now on the run from the FBI,' and that a 'higher court' is taking action on this case." (1st Suppl. Mot. Am. Contempt, Dkt. 43, at 3; *see also* 2d Suppl. Mot. Am. Contempt, Dkt. 46). The SEC further represents that it "has spoken with at least two investors recently who have expressed that 'they don't know who to believe' because the information they are receiving from Meta1 and its spokespersons contradicts what they are reading in the Court pleadings." (1st Suppl. Mot. Am. Contempt, Dkt. 43, at 4).

The Court finds that the SEC's request to add a condition to Dunlap and Schmidt's civil contempt is entirely justified. The supplemental request to order Dunlap and Schmidt to cease publishing videos and email newsletters that market the Meta 1 Coin is entirely consistent with the Court's previous orders. Defendants' continued conduct, in spite of express instructions to the contrary, has harmed the very interest in protecting investors and the public that the Court's orders were meant to protect. *See generally* 15 U.S.C. § 78j(b). From all appearances, Defendants will carry on, further harming investors and the public. In this respect, and in those that the Court has previously detailed, their contumacious disregard of the Court's lawful orders is intolerable. *See In re McLean*, 794 F.3d 1313, 1319 (11th Cir. 2015) (citing *Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 795 (1987)) ("The violation of an injunction is a contempt against an entire court insofar as it flouts the court's basic authority to preserve order and administer justice."); *accord Sec. & Exch. Comm'n v. First Fin. Grp. of Texas, Inc.*, 659 F.2d 660, 669 (5th Cir. 1981).

The Court previously ordered that "Dunlap and Schmidt shall be coercively incarcerated until they comply with the Court's orders," to "be released when they provide proof that they have complied with the Court's orders." (Order, Dkt. 39 (citing Dkt. 8, 31)). The SEC's request to amend those civil contempt conditions is appropriate.

Accordingly, **IT IS ORDERED** that the SEC's motion to amend civil contempt conditions, (Dkt. 38), is **GRANTED**.

**IT IS FURTHER ORDERED** that, in addition to complying with the Court's previous orders, (Dkt. 8, 31), to be released from coercive incarceration, Dunlap and Schmidt must provide proof that they have ceased and desisted from posting content to YouTube, Facebook, their email newsletters, or any social media platform or website whatsoever and have removed all content currently available to investors and the public, that: (1) markets, offers, or attempts to sell the Meta 1 Coin; or (2) that makes false or misleading statements, including but not limited to the statement that Meta1 owns $1 billion of art, gold mines or gold bars, or other assets in amounts sufficient to repay the Meta1 investors.[2] This paragraph binds anyone who receives actual notice of this Order by personal service or otherwise, including Defendants' officers, agents, servants, employees, and attorneys as well as other people in active concert or participation with any of the Defendants or with any of their officers, agents, servants, employees, and attorneys. (*See* Dkt. 31 at 3–7).

**IT IS FURTHER ORDERED** that to avoid being found in civil contempt, Bowdler must provide this proof as well.

**IT IS FINALLY ORDERED** that the SEC shall **SERVE** Defendants (including Bowdler) with copies of this Order, its motion to supplement its motion for an order to show cause, (Dkt.

---

[2] Dunlap and Schmidt may comply with this order either by fully deleting this content or making it inaccessible to anyone else (i.e., making it "private" with only the posting account permitted to view it). If they choose the latter method of compliance, and ultimately do not prevail in this case, the Court may then require them to fully delete the content.

38), by **May 6, 2020**. (*See* Order, Dkt. 19 (permitting service by email)). Given the exigencies of this

case, the Courtroom Deputy will also serve copies of this Order on the Meta 1 Defendants by email.

(*See id.*).

      **SIGNED** on May 5, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE